May, Judge, dissenting.
*628 [34] Because I would affirm the LALJ's conclusion that Claimant was an employee of Company under Indiana Code section 22-4-8-1, I must respectfully dissent.
[35] As the majority notes, Indiana Code section 22-4-8-1 requires we consider every paid worker an employee unless an employer can demonstrate three factors. The second of these factors is that the Claimant's "service is performed outside the usual course of the business for which the service is performed." Ind. Code § 22-4-8-1(b)(2). With regard to that factor, the LALJ concluded:
[T]he employer failed to establish that the claimant was performing work that was outside of the usual course of the employer's business. The employer is a provider of one-way transportation of commodities. The employer chooses to use independent contractors to provide the deliver[y] service of the commodities. The independent contractors provide those services to the clients on behalf of the employer. The employer could not perform the work without the independent contractors such as the claimant. The claimant's work was within the usual course of the employer's business.
(Appellant's App. Vol. 2 at 11.)
[36] In support of those ultimate facts and conclusions, the LALJ entered the following findings of fact:
The employer is a registered motor carrier with the Department of Transportation (DOT). The employer's DOT number is [******]. The employer provides one-way transportation of commodities. The commodities the employer transports are commercial vehicles including motor homes, buses, etc. This is referred to as drive away or tow away service. Employer's Exhibit S .
The employer contracts with clients to provide delivery of the commodities. The employer uses independent contractors to perform the delivery service. If a commercial vehicle exceeds 26,000 pounds, it must be operated by someone who has a Commercial Driver's License (CDL). The employer does not employ any employees that have a CDL. The employer could not provide the delivery of the commodity without the independent contractors. The employer's contract with the claimant specifies that the employer is a company that engages in transportation of property, including motor vehicles. Department's Exhibit 3 .
(Id. at 9) (italics in original).
[37] As the majority notes, another panel of this court recently affirmed an LALJ's decision, based on similar facts, that a driver for another drive-away company was an employee of that company. See Company v. Indiana Department of Workforce Development , 86 N.E.3d 204 (Ind. Ct. App. 2017). In analyzing whether that company proved its driver's service was outside that company's usual course of business, we stated:
We have little trouble concluding that Company failed to do this. Indeed, the provision of transport and delivery of RVs is not just Company's usual course of business, it seems that it is its only course of business. Company is registered as a motor carrier with the United States DOT, its name is "* * * * * * * Transport," Department's Ex. 7A, and it would compete directly with companies who offered the same service provided by drivers who were employees. Company contends that its usual course of business is not the provision of transport services, but, rather, the provision of brokerage services. While perhaps technically true, we seriously doubt that customers with RVs to transport contact *629 Company to act as a "middle man" between them and independent haulers; they call Company to have an RV moved from point A to point B and almost certainly do not care how Company accomplishes that task. From a common-sense standpoint, the Company's business is transport, and this is the precise service that Claimant provided to Company. The LALJ's conclusion that Claimant was, therefore, an employee for purposes of the Act is reasonable.
Id. at 208-9.
[38] Because the facts herein are not appreciably different from the facts in that case, I would reach the same result and affirm the LALJ's conclusion that Claimant's service was within the Company's usual course of business, such that Claimant was an employee of Company. Accordingly, I respectfully dissent from the majority's reversal of the LALJ's determination.[1]

Were I writing a majority opinion affirming the LALJ's decision, I would also need to address the other issues raised by Company on appeal: (1) whether the Internal Revenue Service ("IRS") determination that Claimant was not an employee should be binding in this proceeding; (2) whether Indiana Code section 22-4-8-1 is preempted by federal law regarding regulation of motor carriers; and (3) whether the LALJ denied Company due process when the LALJ failed to use its subpoena power to require Claimant to appear and produce documents demonstrating he was not an employee of Company. Because my opinion herein cannot create binding precedent, I will address each of those issues only briefly.
I would hold the IRS determination of Claimant's status for federal unemployment tax purposes is not binding in Indiana unemployment tax proceedings because, while the two systems are intended to work cooperatively to create "a unitary plan for unemployment relief," Buckstaff Bath House Co. v. McKinley , 308 U.S. 358, 363, 60 S.Ct. 279, 84 L.Ed. 322 (1939), the two systems have different definitions of "employee." Compare Ind. Code § 22-4-8-1with 26 U.S.C. § 3306(i) ( " '[E]mployee' has the meaning assigned to such term by section 3121(d), except that paragraph (4) and subparagraphs (B) and (C) of paragraph (3) shall not apply." Section 3121(d) defines an employee based on the common law definition.). See also Department of Labor, Licensing & Regulation v. Fox , 346 Md. 484, 697 A.2d 478, 485 (1997) (declining to apply federal test of employment instead of the three-factor test adopted by the Maryland legislature).
I would follow this Court's reasoning in Company v. Indiana Dep't of Workforce Dev. , 86 N.E.3d at 209-214, and hold Indiana Code section 22-4-8-1 is not preempted by the Federal Aviation Administration and Authorization Act. And, finally, I would hold any possible error that may have been created by the LALJ's refusal to enforce the subpoena for Claimant's documents was at most harmless because Company has not suggested how Claimant's documents could be relevant to a determination whether Claimant's services were "outside the usual course of" Company's business. See Ind. Appellate Rule 66(A) ("No error ... is ground for granting relief or reversal on appeal where its probable impact, in light of all the evidence in the case is sufficiently minor so as not to affect the substantial rights of the parties.").